# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DANIEL SCHEUERMAN | * | |
| Plaintiff | * | |
| v | * | Civil Action No. DKC-18-2654 |
| MCIJ WARDEN and MCIJ STAFF | * | |
| | * | |
| Defendants | | |

***

## MEMORANDUM OPINION

The court issued an Order on September 6, 2018, granting Plaintiff 28 days to file a supplemental complaint in the above-captioned case. ECF No. 3. Plaintiff has complied with the Order (ECF No. 4), but for reasons stated herein, the complaint will be dismissed. Plaintiff's pending motion to proceed *in forma pauperis* will be granted.

In its directive to supplement the complaint, the court noted that Plaintiff did not describe the type of property lost when his cellmate and members of a prison gang allegedly stole it from his cell and correctional staff at Maryland Correctional Institution-Jessup did not intervene quickly enough to prevent the loss. ECF No. 1. In his supplemental complaint, Plaintiff provides the following list of property stolen from him and for which he seeks compensation: one X-box game system; two X-box controllers; one X-box hard drive (250 GB); four X-box games; two pairs of shoes; one bowl; three blue towels; one laundry bag; one watch; three pairs of boxer shorts; three grey t-shirts; six pairs of ankle socks; one sewing kit; one art set; eight music CDs; and one TV remote control. ECF No. 4 at pp. 3-4.

Where, as here, the loss of property does not implicate a protected constitutional right such as a First Amendment right to access to the courts, freedom of religion, or free speech, there

is no viable federal constitutional claim stated. Plaintiff does not have a due process right that is implicated under the facts he asserts. In the case of lost or stolen property, sufficient due process is afforded to a prisoner if he has access to an adequate post-deprivation remedy. *See Parratt v. Taylor*, 451 U. S. 527, 540 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986). The right to seek damages and injunctive relief in Maryland's courts constitutes an adequate post deprivation remedy.[1] *See Juncker v. Tinney*, 549 F. Supp. 574, 579 (D. Md. 1982).[2] The Supreme Court extended its *Parratt* holding to intentional deprivations of property. *See Hudson v. Palmer*, 468 U.S. 517, 533, 104 S.Ct. 3194, 3203 (1984). Therefore, assuming Plaintiff's personal property was stolen as he alleges and assuming correctional staff were in some respect responsible for the loss, such a claim does not rise to a constitutional violation.[3] The complaint presented here will be dismissed under the provisions of 28 U.S.C. § 1915(e). *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Cochran v. Morris*, 73 F.3d 1310, 1315 (4th Cir. 1996); *Nasim v. Warden*, 64 F.3d 951, 954-55 (4th Cir. 1995).

---

[1] Plaintiff may avail himself of remedies under the Maryland's Tort Claims Act and through the Inmate Grievance Office.

[2] Although *Juncker* dealt with personal injury rather than property loss, its analysis and conclusion that sufficient due process is afforded through post deprivation remedies available in the Maryland courts also applies to cases of lost or stolen property, given *Juncker's* reliance on *Parratt* in dismissing Plaintiff's due process claim.

[3] In rejecting a prisoner's Fourth Amendment claim to an expectation of privacy in his cell, the Supreme Court stated that denying such a claim did not "mean that [a prisoner] is without a remedy for calculated harassment unrelated to prison needs. Nor does it mean that prison attendants can ride roughshod over inmates' property rights with impunity. The Eighth Amendment always stands as a protection against 'cruel and unusual punishments.' By the same token, there are adequate state tort and common-law remedies available to respondent to redress the alleged destruction of his personal property." *Hudson,* 486 U.S. at 530-31, 104 S.Ct. at 3202.

Plaintiff is hereby notified that he may be barred from filing future suits *in forma pauperis* if he continues to file federal civil rights actions that are subject to dismissal for failure to state a claim on which relief may be granted under §1915(e) or under Fed .R. Civ. P. 12(b)(6). Plaintiff is reminded that under 28 U.S.C. § 1915(g) he will not be granted *in forma pauperis* status if he has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

By separate Order which follows, the complaint will be dismissed.


November 9, 2018                             /s/
                                      DEBORAH K. CHASANOW
                                      United States District Judge